

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 4, 2020

**BY ECF**

The Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *United States v. Brent Borland*, 18 Cr. 487 (KPF)

Dear Judge Failla:

      The parties respectfully submit this joint letter in response to the Court's October 5, 2020 Order (Dkt. 87) directing the parties to advise the Court of the status of this case by November 4, 2020 and to provide a proposal for proceeding toward sentencing.

      As the parties have previously reported (*see* Dkt. 86), since the August 4, 2020 proceeding in this case, the parties have been working diligently to identify and resolve potential factual and legal disputes—including as they relate to the defendant's prior objections to the United States Probation Office's Presentence Investigation Report ("PSR")—in advance of sentencing. As a result of these discussions, the parties have resolved disputes regarding the defendant's prior objections regarding (a) the United States Sentencing Guidelines ("Sentencing Guidelines" or "U.S.S.G.") enhancements in the PSR, including related to relevant conduct, and (b) factual assertions in the PSR to which the defendant previously objected, and are prepared to proceed to sentencing.

Sentencing Guidelines Enhancements and Range

      The parties agree that the Sentencing Guidelines apply as follows:

1. The base offense level is 7, pursuant to U.S.S.G. § 2B1.1(a)(1). PSR ¶ 59.

2. An addition of 20 levels is warranted, pursuant to U.S.S.G. § 2B.1(b)(1)(k), because the loss caused by the defendant's conduct in the charged scheme was approximately $22 million. Although the PSR calculates a 22-level enhancement for a loss amount of greater than $25 million but less than $65 million, pursuant to U.S.S.G. § 2B1.1(b)(1)(L), that enhancement includes the loss amount related to the scheme described in paragraph 47 of the PSR. The Court may consider the conduct described in paragraph 47 as relevant to the factors enumerated in 18 U.S.C. 3553(a). However,

Hon. Katherine Polk Failla
November 4, 2020
Page 2

    the Government is no longer seeking an enhancement of the loss amount based on this conduct.

3. An addition of four levels is warranted, pursuant to U.S.S.G. § 2B1.1(b)(2)(B), because the offense resulted in substantial financial hardship to 5 or more victims. PSR ¶ 61.

4. An addition of two levels is warranted, pursuant to U.S.S.G. § 2B1.1(b)(10)(B) and (C), because a substantial part of the fraudulent scheme was committed from outside the United States, and the offense involved sophisticated means. PSR ¶ 62.

5. An addition of two levels, pursuant to U.S.S.G. § 3B1.1(c), because the defendant was an organizer, leader, manager, or supervisor in criminal activity. PSR ¶ 64.

Accordingly, the parties agree that, with a three-level reduction for acceptance of responsibility (PSR ¶¶ 68-69), the total offense level is 32. With a total adjusted offense level of 32 and a Criminal History Category of I, the defendant's Sentencing Guidelines range is 121 to 151 months' imprisonment.

The Defendant's Prior Objections to Factual Assertions in the PSR

The defendant withdraws all prior objections to the PSR, with the exception of certain objections to paragraphs 14, 41, and 47, which are resolved as follows:

Paragraph 14: The parties agree to the following modification to paragraph 14, which is emphasized in bold and underlined:

> In truth and in fact, however, BORLAND misappropriated millions of dollars of investors' funds and used those funds for his own personal benefit. BORLAND diverted at least 30 percent of the more than $25 million invested by victims to pay himself to pay for a variety of personal expenses, including his mortgage payments, credit card bills, and luxury automobiles. In contrast to BORLAND's representations that investors would receive high rates of return within a specified time frame, all known investors in the scheme lost money. Moreover, while BORLAND represented that the investments would be secured by real property, the property purportedly serving as collateral was improperly pledged to multiple investors and, in some cases, did not even exist **in the manner identified and described in investors' notes**.

Paragraph 41: The parties agree to the following modification to paragraph 14, which is emphasized in bold and underlined:

> Based upon the case agent's interview of Victim-1 and review of public property records from Belize, the real property that purportedly secured Victim-1's $1 million note purchase does not appear to exist **in the manner identified and described in Victim-1's note**.

Hon. Katherine Polk Failla
November 4, 2020
Page 3

Paragraph 47: The parties agree to the following modification to paragraph 47, which is emphasized in bold and underlined:

From at least 2007 through at least 2010, BORLAND engaged in a scheme to defraud individuals of money and property in connection with real estate investments related to Canyon Acquisition, among other entities. BORLAND and others solicited investments from numerous investors, including investors located in Canada, in which BORLAND (1) misrepresented to investors that the entire of their investment funds would be used to construct real estate projects in Belize, among other places, and **(2) instead spent a portion of investors' proceeds in ways not specified by the agreements.**

Sentencing

The defendant requests that sentencing be scheduled for early February 2021, which will allow him time to prepare his final sentencing submission. The Government has no objection to this request.

Respectfully submitted,

AUDREY STRAUSS
Acting United States Attorney

By: _____
Edward Imperatore
Negar Tekeei
Assistant United States Attorneys
(212) 637-2327 / 2482


CC (by ECF): Florian Miedel, Esq.
             Christopher Madiou, Esq.
             *Counsel for Brent Borland*