

February 24, 2021

Hon. Katherine Polk Failla
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re: <u>United States v. Brent Borland, 18 Cr. 487 (KPF)</u>

Dear Judge Failla:

We write to reply to the government's opposition to Mr. Borland's request to adjourn sentencing to the end of May 2021.

The government incorrectly categorizes our request as an "an eleventh-hour, self-serving effort to postpone his sentencing date and use the litigation to manufacture purportedly mitigating arguments for sentencing." This is not the case. First, the parties, as well as the Court, have been aware of the Belize litigation for many months. Indeed, at the August 5, 2020 oral argument, the Court observed that "perhaps the parties are going to seek to delay sentencing until the Belize matter is resolved." Tr. at p. 52. As described in Copper Leaf's letter, the litigation has progressed dramatically since that time and appears destined for a resolution in the near future. Copper Leaf, an $8 million aggrieved investor, is requesting an adjournment of sentencing so that Brent Borland can continue to provide the help Copper Leaf obviously needs from him to either reach settlement or to prosecute a trial. What possible interest could Copper Leaf have in delaying the sentencing of one of the perpetrators of the fraud against it unless it felt strongly that Mr. Borland has important assistance to provide? Copper Leaf is a sophisticated investment firm with competent legal representation that has brought a meritorious lawsuit in Belize based on judgments obtained in the Southern District of New York. Brent Borland is a crucial witness in that litigation because the very issue in dispute is *his* ownership interest, which was unlawfully divested by Marco Caruso. As explained in Copper Leaf's letter, without Mr. Borland's ownership interests being reinstated, Copper Leaf cannot collect on its lawful judgment.

Second, Mr. Borland's involvement in the Belize litigation does not "seek to favor one victim – Copper Leaf – at the expense of others." Perhaps the government misunderstands, but Brent Borland's only viable assets are those in dispute in Belize. He therefore cannot provide restitution to *any* victim unless his ownership is reinstated. The deal struck by the other victims with Marco Caruso left Mr. Borland out, but it also excluded the single largest investor, which was holding a legitimate judgment against Borland that it could not enforce. Once proper ownership is restored, Copper Leaf can extract what it is owed from Borland's

assets in Belize, as can the other victims.  The much more likely path, however, is that the parties will reach a global agreement in which Borland and Caruso will make all victims (both Copper Leaf and Dyke Rogers and his group) whole through the conveyance of the Belizean real estate jointly owned by the two men.  Such a settlement would not be possible, however, without the litigation brought by Copper Leaf.

Lastly, the government opposes any adjournment because there is "significant interest in resolving this case and maintaining the March 23 sentencing date," presumably because of the length of time since Mr. Borland pleaded guilty.  It is again worth noting that once co-counsel and I were appointed, we litigated the factually complex credit against loss issue, which was already in progress with former counsel, and then worked tirelessly with the government and our client to avoid a *Fatico* hearing on previously disputed facts. The instant request is not dilatory; it is made in order to give the Court a complete picture of the §3553(a) factors at play, which include Mr. Borland's post-plea assistance to an aggrieved investor.  To be clear, Mr. Borland has accepted responsibility for his fraudulent conduct and is prepared to be sentenced.  What we ask is that he be allowed to see through a process that began with Copper Leaf many months ago, a process of which the government has been well aware.

Once again, Mr. Borland wishes to make all of the victims whole but cannot do so unless he regains ownership of the jointly-owned Belizean assets.[1]  Proceeding with sentencing at this point in the litigation, so close to the finish line, would deprive Mr. Borland of the ability to establish to the Court the success or likely success of his efforts to make amends, a factor squarely relevant to the Court's §3553(a) analysis.  We therefore respectfully urge the Court to adjourn sentencing to allow for the legal process to play out in Belize for the next two months and to provide Mr. Borland with the opportunity to demonstrate at sentencing his role in affording some relief to his victims.

Thank you for your consideration.

Respectfully,

/s/

Florian Miedel
Christopher Madiou
*Attorneys for Brent Borland*

Cc:   All Counsel

---

[1] Since the government has made the confounding decision not to prosecute Marco Caruso, restitution cannot be ordered against him.  In addition, all victims but Copper Leaf have already released Caruso from any civil legal obligations.

The Court is in receipt of Defendant's letter motion requesting adjournment of his sentencing (Dkt. #95), the Government's response in opposition (Dkt. #96), and Defendant's above reply (Dkt. #97).  Defendant's requested is GRANTED.  Sentencing in this matter is ADJOURNED to **May 26, 2021, at 3:00 p.m.**

Dated:   February 25, 2021          SO ORDERED.
        New York, New York

*Katherine Polk Failla*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE