

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 17, 2021

**BY ECF**

The Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *United States v. Brent Borland*, 18 Cr. 487 (KPF)

Dear Judge Failla:

      The Government respectfully writes in response to defendant Brent Borland's September 16, 2021 request to conduct his October 5, 2021 sentencing proceeding via videoconference (the "September 16 Letter"). Although it is the Government's preference to proceed to sentencing in person on October 5, we do not object to Borland's request to conduct his sentencing by videoconference on that date, provided that he makes a knowing and voluntary waiver, pursuant to Federal Rule of Criminal Procedure 43, of his right to be physically present for sentencing, and the requirements of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 134 Stat. 281, are met.

      "Under both the Constitution and Federal Rule of Criminal Procedure 43(a)(3), a criminal defendant has the right to be present during sentencing." *United States v. Salim*, 690 F.3d 115, 122 (2d Cir. 2012). Courts of Appeals have held, and the Second Circuit has assumed, that a defendant's right to be present "requires physical presence and is not satisfied by participation through videoconference." *Id.* In a non-capital case, a defendant "may waive his right to be present as long as that waiver is knowing and voluntary." *Id.*; *see* Fed. R. Crim. P. 43(c)(1)(B) ("A defendant who was initially present at trial, or who had pleaded guilty or nolo contendere, waives the right to be present under the following circumstances: . . . in a noncapital case, when the defendant is voluntarily absent during sentencing."). The CARES Act provides for, among other things, the expanded use of videoconferencing and telephone conferencing in criminal proceedings during the national emergency declared by the President under the National Emergencies Act, 50 U.S.C. § 1601 et seq., with respect to COVID-19. *See* CARES Act § 15002(a). Pursuant to the CARES Act, sentencing proceedings may proceed by video teleconference, or telephone conference if video teleconferencing is not reasonably available, with the consent of the defendant and a finding by the district court judge that there are specific reasons that further delay of the proceeding will result in serious harm to the interests of justice. *See* H.R. 748, Section 15002 et seq., P.L. 116-136, signed into law on March 27, 2020 (noting that if "the district judge in a particular case finds for specific reasons that the . . . sentencing in that case cannot be further delayed without serious harm to the interests of justice, the plea . . . may be conducted by video teleconference, or by telephone conference if video teleconferencing is not

Hon. Katherine Polk Failla
September 17, 2021
Page 2

reasonably available"); *see also In re: Coronavirus/COVID-19 Pandemic*, 20 Misc. 176 (S.D.N.Y. June 15, 2021).

In his letter, Borland asks to proceed to sentencing on October 5 by videoconference, stating that he "knowingly and voluntarily waives his right to be physically present at sentencing and requests to be sentenced by remote video conference," and provides reasons why, in his view, he cannot appear for sentencing in person for an indefinite amount of time. September 16 Letter at 1-2. Borland pled guilty more than two and a half years ago, on February 13, 2019. Dkt. 28. Since then, sentencing has been delayed for a variety of reasons, including Borland's change of counsel (Dkt. 58), briefing and oral argument on the parties' dispute regarding the application of the loss amount pursuant to the United States Sentencing Guidelines (Dkt. 68, 71, 73, 76, 77), the parties' efforts to resolve potential factual and legal disputes in advance of sentencing (Dkt. 80, 89), and Borland's requests to adjourn sentencing to facilitate his participation in pending civil litigation in Belize (Dkt. 98, 101).

The Government prefers to proceed in person for sentencing on October 5. However, the Government respectfully submits there is more than a sufficient basis for the Court to find, pursuant to the CARES Act, that sentencing in this case cannot be further delayed without serious harm to the interests of justice and should proceed by videoconference on October 5. As the Government has previously conveyed, *see* Dkt. 96, the victims in this case, many of whom submitted victim impact statements in order to be heard at sentencing, have a substantial interest in proceedings free from unreasonable delay, and in achieving finality as to the overall resolution of this case given the harm that Borland caused them. The victims' interests in seeing this case resolved is a sufficient and "specific reason," within the meaning of the CARES Act, to proceed by videoconference on October 5 rather than delay indefinitely Borland's sentencing. Against this backdrop, and subject to Borland's continued consent to a remote proceeding and his allocution of his knowing and voluntary waiver of his right to be physically present at sentencing, the Government has no objection to proceeding by videoconference on October 5.

                                            Respectfully submitted,

                                            AUDREY STRAUSS
                                            United States Attorney

                                   By: __/s/_____
                                            Edward Imperatore
                                            Negar Tekeei
                                            Assistant United States Attorneys
                                            (212) 637-2327 / 2482

CC (by ECF): Counsel of record